**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

———————————————

No. 24-12312

Non-Argument Calendar

———————————————

WILLIAM HARRIS ROGERS, JR.,

*Plaintiff-Appellant,*

*versus*

FRG LLC. ET AL,

a limited liability company d.b.a. Firehouse Subs
f.k.a. Firehouse Restaurant Group, Inc et al,

FIREHOUSE OF AMERICA, LLC ET AL,

a limited liability company,

DON M. FOX,

in his official capacity FRG, LLC., "Title Manager,"

SORENSEN BROTHERS, INC. ET AL,

a Florida Corporation,

ROBIN O. SORENSEN,

an individual, et al.,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-01360-BJD-J_T

————————————————

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

William Rogers, *pro se*, appeals the district court's order dismissing his federal law claims with prejudice and declining to exercise supplemental jurisdiction over his state law claims. He argues that the district court erred by dismissing his complaint as a shotgun pleading. After careful review, we affirm.

## I.

In June 2023, Rogers filed a complaint against Firehouse Restaurant Group, LLC; Firehouse of America; Don Fox; Sorensen Brothers, Inc.; Robin Sorensen; and Chris Sorensen (collectively, "Firehouse"), alleging various claims under state law and federal copyright law. Broadly, Rogers alleged that he and others founded Firehouse Subs in 1993, that he developed a graphic logo and design elements at that time, that these were copyrighted, and that Firehouse Subs has used those copyrighted elements since that time. The district court struck the complaint because it was an impermissible shotgun pleading. The district court explained the four basic types of shotgun pleadings and why Rogers's complaint fell into three of those four categories. The district court ordered Rogers to file an amended complaint.

A few weeks later, Rogers filed an amended complaint. His amended complaint named the same defendants and asserted similar claims. Firehouse moved to dismiss the amended complaint under Rule 12(b)(6) because it failed to state a claim, and Firehouse asserted that the amended complaint was a shotgun pleading and was subject to dismissal on that basis as well. Rogers did not move to amend his complaint. The district court struck Rogers's amended complaint as a shotgun complaint because it (1) "incorporate[d], repeat[ed], and reallege[d] the allegations present in each proceeding count," and (2) because asserted multiple claims against multiple defendants without specifying which defendant was responsible. Accordingly, the district court dismissed the action without prejudice.

In November 2023, Rogers filed another complaint under a new case number against Firehouse asserting similar claims. Firehouse again moved to dismiss the complaint because, among other things, it was a shotgun pleading. Rogers did not move to amend his complaint. The district court granted the motion to dismiss, in part because Rogers's complaint was a shotgun complaint. And the district court concluded that Rogers's federal law claims were time-barred. So the district court dismissed Rogers's federal law claims with prejudice and dismissed his state law claims without prejudice.

Rogers appeals the district court's dismissal order.

## II.

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). A district court abuses its discretion when it commits a clear error of judgment, applies the incorrect legal standard, or relies on clearly erroneous facts. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). We construe pleadings drafted by *pro se* litigants liberally. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id*. at 1168–69 (citation modified).

## III.

In our view, the district court did not abuse its discretion by dismissing Rogers's complaint as a shotgun pleading.

A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). A "shotgun pleading" violates Rule 8(a)(2) because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts, such that the last count is "a combination of the entire complaint";

(2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Id.* at 1321–23.

If a court determines that a complaint is a shotgun pleading, it generally must give the litigant one chance to replead, with instructions on the deficiencies. *Vibe Micro*, 878 F.3d at 1296. The chance to replead may take the form of a dismissal without prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018). If the amended complaint does not remedy the defects and the plaintiff does not move to amend, then the court may dismiss the complaint with prejudice. *Vibe Micro*, 878 F.3d at 1296.

Here, the district court did not abuse its discretion in concluding that Rogers's complaint was a shotgun pleading. The district court applied the correct legal standard. Although Rogers never moved to amend his complaint, the district court gave Rogers *two* opportunities to file a non-shotgun pleading. *See Vibe Micro*, 878 F.3d at 1296. On both occasions, the district court explained what a shotgun pleading was and why Rogers's pleading fell into the various shotgun-pleading categories. *See id.*

Rogers third complaint, however, was still a shotgun pleading because it "commit[ted] the mortal sin of re-alleging all preceding counts." *Weiland*, 792 F.3d at 1322. In counts one through four, Rogers realleged all but a few of the preceding paragraphs in his

complaint. And counts five and six reallege all preceding paragraphs, which turns count six into "a combination of the entire complaint." *Id.* at 1321. We "have little tolerance for shotgun pleadings," *Vibe Mirco*, 878 F.3d at 1295, and "have condemned shotgun pleadings time and again," *Jackson*, 898 F.3d at 1357. To be sure, *Vibe Mirco* did not establish a bright-line rule for *pro se* litigants. *See Vibe Micro*, 878 F.3d at 1296 n.6. But on this record, even in the context of a *pro se* plaintiff, we cannot say that the district court abused its discretion after dismissing Rogers's federal law claims with prejudice on shotgun-pleading grounds after giving him multiple opportunities to remedy the deficiency.

## IV.

We **AFFIRM**.